[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On May 25, 1999, the court heard the trial of this matter wherein the plaintiff, Bob Schellinger, guardian of the estate of Adam Schellinger, sues the defendant, Audrey Brousseau, for misappropriation of Social Security benefits payments entrusted to her as the former guardian of the estate. The plaintiff seeks damages and treble damages under G.S. § 52-564.
The court finds the following facts. In 1983, the parties CT Page 5693 married and had a son, Adam, born February 24, 1984. The defendant has an older son from a previous marriage. In 1986, the parties divorced. Sometime in March 1995, the defendant was appointed by the Social Security Administration to serve as representative payee for Adam, who was entitled to such benefits by virtue of the plaintiff's eligibility. On November 22, 1995, the Thompson Probate Court substituted the plaintiff for the defendant as guardian of Adam's estate.
While acting as guardian of the estate, the defendant received an initial lump sum benefits payment of $7,976 and received monthly benefits payments of $299 thereafter until she was replaced as guardian. The benefits payments received by her on Adam's behalf total $10,667.
The defendant regarded these payments as the equivalent of child support and spent the funds both on Adam individually and to support her household generally. She maintained few records and no receipts regarding the use of this money. She failed to file any accountings as required by the Social Security Administration. She had no checking account so that most purchases using the benefits payments were made in cash or by money order. She made aborted attempts to save some of the funds, but eventually all $10,667 was spent either on Adam's behalf or for the entire family and the upkeep of her home.
A guardian of the estate of another acts in a fiduciary capacity with respect to that estate. Murphy v. Wakelee,247 Conn. 398, 402 (1998); Konover Development Corp. v. Zeller,228 Conn. 206, 222 (1994). Where, as in this case, a claim is made that the fiduciary exploited estate funds for the fiduciary's own benefit and where a fiduciary relationship has been proved, the burden of proof shifts to the fiduciary to prove fair dealing and proper conduct, and the standard of proof is by clear and convincing evidence. Murphy v. Wakelee, supra, 400; KonoverDevelopment Corp. v. Zeller, supra, 229 and 230.
One acting as a fiduciary cannot use that status for personal gain at the expense of the ward. Murphy v. Wakelee, supra, 402. This prohibition applies despite the fiduciary's lack of fraudulent; intent or good intentions. Id.
Here, the defendant erroneously regarded and treated her son's benefits as ordinary child support and spent some of the funds for the general upkeep of her residence, for herself, and CT Page 5694 for her older son. Many expenditures, however, were solely for Adam's needs and enjoyment. The defendant has proven, by clear and convincing evidence, that she expended $2,560.67 of the benefits payments for Adam's medical bills, and $2,550 for Adam's furniture, clothing, and sports and other entertainment items. Additionally, she paid Attorney John McGrath, Jr., $100 as part payment of his legal fees for representing Adam in a custody dispute between the parties. These three sums appear entirely proper.
The court finds that the defendant failed to prove by clear and convincing evidence that the remainder of the Social Security payments she received were expended for Adam's benefit. At trial, the defendant conceded she used portions of these payments to pay routine household obligations such as utility bills. She also used some of the funds to pay for Christmas gifts for her family. Although the court recognizes that Adam derived some benefit from these expenditures as a member of the household, the defendant has failed to demonstrate any specific amount or share attributable to Adam by clear and convincing evidence.
There remains one expenditure which warrants particular mention. The defendant paid her attorney, Mark Brouillard, $1000 from her son's funds to engage his services to defend her in a postjudgment custody battle regarding Adam. The defendant argues that, because she prevailed and retained custody of Adam, her legal fees in that effort ought to be regarded as having been spent to guard Adam's best interests. The court disagrees.
The attorney the defendant hired to represent her owed loyalty to her and had no duty to represent Adam. Adam was represented by court-appointed counsel. The defendant's attorney's obligation was to portray the defendant as the preferable custodian. That portrayal may or may not have been consistent with Adam's desires and best interest. This distinction is precisely why courts appoint independent counsel for children who are the subject of a custody dispute. Consequently, the court holds that the $1000 expenditure for the defendant's legal representation was for her benefit and improper.
Subtracting the expenditures proven proper from the total amount of benefits payments received by the defendant, i.e. $10,667 minus $5,210.67 ($2,560.67 plus $2,550 plus $100) leaves a difference of $5,456.38. The court declines to treble these CT Page 5695 damages under § 52-564 because the court finds no larcenous intent in the misuse of these funds. The misapplication of the payments stemmed from misunderstanding as to their permissible use.
The plaintiff requests reasonable attorney's fees for bringing this action. Even though the prayer for relief omits express mention of attorney's fees, it does request other "just and equitable relief" which is sufficient to allow the court to consider awarding such fees. SKW Real Estate Limited Partnershipv. Gallichio, 49 Conn. App. 563, 580 (1998).
While acting under a misguided belief, the defendant converted the $5,456.38 which belonged to her son. The son's estate has incurred legal fees necessary to recoup these losses. Having reviewed the evidence as to these fees, coupled with the court's own knowledge of the legal work required for such a case, the court also awards $2000 in attorney's fees.
Judgment may enter for the plaintiff as guardian against the defendant in the amount of $5,456.38 plus $2000 attorney's fees plus costs.
Sferrazza, J.